FILED
1/14/21 4:09 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Bank. No. 19-24455-TPA |
| | ) |
| ED3 CONSULTANTS, INC., | ) Chapter 11 |
|     Debtor | ) Related to |
| | ) Document Nos.  328 |
| UNITED STATES OF AMERICA, | ) |
| INTERNAL REVENUE SERVICE, | ) |
|     Movant | ) Hearing Date |
| v. | ) |
| ED3 CONSULTANTS, INC., | ) |

**STIPULATION AND AGREED ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between ED3 Consultants, Inc., Debtor, as represented by counsel, and the United States of America, as represented by Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jill Locnikar, Assistant U.S. Attorney, as follows:

1. The Internal Revenue Service holds a $1,425,976.43 prepetition claim in the case, consisting of a secured claim of $314,752.34, (after $26,100 in adequate protection payments have been credited), a priority claim of $827,865.61 and a general unsecured claim of $257,258.48. The IRS also has an administrative claim in the amount of $3,802.48.

2. Debtor will pay the IRS secured and priority claims, together with interest at the rate of 3 percent per year, over 84 months in monthly installments of $15,097.75. The first such installment shall be due on the Effective Date, and the remaining installments shall be due on the same day of each month thereafter until secured and priority claims are paid in full with interest. An amortization schedule of this payment plan is attached here as Attachment 1. Attachment 1 substitutes for and replaces Exhibits B-1 and C-1 of the Debtor's Amended Plan, dated November 25, 2020 (Doc. No. 316) (the "Amended Plan").

3. The Internal Revenue Service's administrative claim will continue to accrue interest and penalties until paid in full. Debtor will pay the Internal Revenue Service's administrative claim in full at the time of plan confirmation. Any additional post-petition liabilities incurred by Debtor will be paid promptly upon receipt of a balance due notice.

4. The IRS will share pro rata with other general unsecured creditors in payment of its general unsecured claim.

5. To the extent that any federal tax liens attached to any property owned by the debtor as of the date of the filing of the petition in this case, such property shall remain subject to such federal tax liens until such time as the amount of such liens has been fully satisfied. In order to protect its priority position against postconfirmation creditors, the Internal Revenue Service will file notices of federal tax lien following confirmation of the Amended Plan for all unsecured priority periods for which there are liabilities.

6. Unless the Internal Revenue Service notifies Debtor otherwise, all payments required under this stipulation shall be made to the Internal Revenue Service, for the attention of Internal Revenue Service, 1000 Liberty Ave, Room 711B, Pittsburgh, PA 15222.

7. Any refunds or credits to which Debtor may become entitled at any time before the liabilities to be repaid pursuant to this stipulation are fully satisfied may be credited administratively against the outstanding balance. In the event any refund check or checks are received by Debtor prior to the full satisfaction of the tax liability, such check or checks shall be endorsed according to law and mailed to: Internal Revenue Service, 1000 Liberty Ave, Room 711B, Pittsburgh, PA 15222.

8. To the extent that there are nondischargeable tax debts in this case, Debtor shall remain liable following the end of the bankruptcy case for any unpaid postpetition interest and penalties under Bruning v. United States, 376 U.S. 358 (1964).

9. No federal tax liability accruing prior to the confirmation of the Amended Plan, including interest and penalty, is discharged until Debtor completes payment in accordance with this stipulation. Any federal tax liabilities for prepetition periods which are determined by audits completed postpetition are not discharged on confirmation, but will be due and payable as if this bankruptcy had not occurred.

10. The period allowed the IRS under 26 U.S.C. § 6502(a) to collect the assessed taxes, penalties, interest and other additions and accruals thereon, which are still owed by the debtor after the Amended Plan effective date for the periods specified in the allowed claims of the IRS, shall be suspended for the period of time that the debt to the IRS is to be paid under the Amended Plan (as revised by this stipulation), unless and until a substantial default of these Amended Plan payments shall occur, and for six months thereafter, in accordance with 26 U.S.C. § 6503(h)(2). A substantial default of plan payments shall have occurred under this stipulation when a payment to the IRS required by the Amended Plan as it incorporates this stipulation, has not been made, the IRS has provided Debtor with a written notice of default, and Debtor fails to cure the default within 30 days of the date on the written notice.

11. In the event that Debtor fails to make any of the payments required under this stipulation **or** fails to comply with any of its postconfirmation federal tax obligations, the Internal Revenue Service may pursue collection of all unpaid preconfirmation and postconfirmation liabilities through any means authorized by the Internal Revenue Code or other applicable law, including levy and seizure of the debtor's assets, including any exempt property.

Notwithstanding the foregoing, the debtor shall have thirty (30) days to cure all delinquent plan payments and postconfirmation tax liabilities. This thirty day period shall commence upon the issuance of a written notice of plan default by the Internal Revenue Service to the debtor. Further, the IRS is not bound by any default provisions of the Amended Plan.

12. Should Debtor file another bankruptcy petition before completing the terms of this stipulation, this stipulation is null and void and the claims of the IRS retain their status as tax claims; they are not reduced to claims under this agreement. Notwithstanding the foregoing, the claims of the IRS will have no lower priority in any subsequent bankruptcy than they have in this case.

13. This stipulation and agreement shall be deemed incorporated in the Amended Plan of reorganization and supersedes it where inconsistent with it.

SCOTT W. BRADY
United States Attorney

/s/ Guy C. Fustine
on behalf of Debtor
Guy C. Fustine
PA I.D. No. 37543
120 West Tenth Street
Erie, PA 16501-1461
(814) 459-2800
gfustine@kmgslaw.com

/s/ Jill Locnikar
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Jill.locnikar@usdoj.gov
412-894-7429

IT IS SO ORDERED.

Dated: January 14, 2021

Thomas P. Agresti, Judge    jlm
United States Bankruptcy Court

# 2215656.v1